IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAUL WALE,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:20-cv-00713

CORRECTIONAL OFFICER
DYLAN HAYHURST, et al.

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1-1), *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 5), the *Memorandum of Law in Support of Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 6), the *Plaintiff's Memorandum in Opposition to West Virginia Division of Corrections' Motion to Dismiss* (Document 12), and *Defendant West Virginia Division of Corrections and Rehabilitation's Reply to Plaintiff's Memorandum in Opposition to West Virginia Division of Correction's Motion to Dismiss* (Document 13).   For the reasons stated herein, the Court finds that the motion to dismiss must be granted.

**FACTUAL ALLEGATIONS**

The Plaintiff, Paul Wale, was incarcerated at Mount Olive Correctional Center (MOCC) at all relevant times.   On or about June 14, 2019, Defendant Dylan Hayhurst, a correctional officer, entered Wale's cell to conduct a search.  Mr. Wale poured a bag of wine into the toilet.  Mr.

Hayhurst sprayed him with OC spray, and Wale requested that he be cuffed and removed from his cell. Mr. Hayhurst stated that he was waiting for a camera, left the area, and returned, in riot gear, with four other officers and Defendant Brian Penick, a captain at MOCC. Mr. Wale again stated that he was ready to cuff up. Captain Penick told him to get on his knees and face the back wall. After he complied, "the officers rushed the cell and dog-piled on top of plaintiff with Hayhurst repeatedly punching plaintiff in the head and face." (Compl. at ¶ 9). Mr. Hayhurst also gouged Mr. Wale's eyes and attempted to break his fingers. Defendant Penick did nothing to stop the excessive force, despite the violation of West Virginia Corrections' policy.

Mr. Wale suffered bruising, swelling, and damage to his eye. He posed no threat to the Defendants and had requested to be cuffed and removed from his cell. West Virginia Department of Corrections and Rehabilitation (WVDOCR) policy requires forcible cell entry/extraction to be videotaped. The Defendants refused to take photographs of Mr. Wale's injuries and failed to maintain the video despite awareness of potential litigation.

Defendants Hayhurst and Penick have a history of using excessive force or participating in excessive force incidents. The WVDOCR "failed to perform the requisite psychological testing prior to employing these defendants or prior to reintroducing them into contact with the inmates after other excessive force charges had been made against them." (Compl. at ¶ 16.)

The Plaintiff's complaint asserts the following causes of action: Count One - Assault and Battery; Count Two - Intentional Infliction of Emotional Distress/Outrageous Conduct; Count Three - Violation of 42 U.S.C. §1983; Count IV - Vicarious Liability; and Count V – Spoliation. The Plaintiff seeks damages for physical injury, medical expenses, emotional and mental distress,

court costs, pre-judgment and post-judgment interest, and attorney's fees and expenses. He also seeks punitive damages as to the individual Defendants only.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the

3

assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The WVDOCR seeks dismissal of the claims against it. It asserts that it "is a state agency and is incapable of committing an assault and/or battery." (Def.'s Mem. at 4.) It further argues that the Plaintiff's allegations are insufficient to state a claim for IIED/Outrage. As a state agency, the WVDOCR contends that it is not a "person" susceptible to suit under 42 U.S.C. §1983. It argues that the factual allegations do not support vicarious liability because spraying the Plaintiff

with OC spray and physically assaulting him when he "posed no threat or harm" constitutes "intentional acts outside the scope of…employment." (*Id.* at 7.) Next, it argues that it is entitled to qualified immunity as to state law negligence claims. Finally, WVDOCR contends that the Plaintiff failed to allege all required elements for a spoliation claim, including specifics regarding the Defendant's awareness of the possibility of litigation, how the video was maintained, how and by whom it was destroyed, or the WVDOCR's involvement in or direction to destroy the video. In addition, it asserts that the Plaintiff does not allege that he is unable to prevail on his civil claim because of the spoliation.

In response, the Plaintiff argues that the WVDOCR is not entitled to qualified immunity because he alleges clear violations of his constitutional rights. He further contends that he adequately stated a claim for spoliation, given his allegation that the Defendants were aware of the potential for litigation as a result of his use of the grievance process and WVDOCR's control of the evidence in question. In addition, the Plaintiff states that he is not asserting a claim against WVDOCR under 42 US.C. §1983, and withdraws his vicarious liability claims against WVDOCR for the state law tort claims of intentional infliction of emotional distress and assault and battery. Therefore, the remaining issues are limited to the claim for vicarious liability and the spoliation claim.

### A. Vicarious Liability

"'Vicarious liability' and joint venture are not independent claims for relief. Nonetheless, West Virginia courts recognize that these theories may be asserted as independent claims as long as they are based on other underlying claims." *Young v. Apogee Coal Co. LLC*, No. 2:12-CV-01324, 2014 WL 1900791, at *2 (S.D.W. Va. May 13, 2014) (Goodwin, J.) The Plaintiff has

5

stated that he is not making a claim against the WVDOCR pursuant to 42 U.S.C. §1983, and any such claim would, in any event, be subject to dismissal given that "vicarious liability is inapplicable to *Bivens* and § 1983 suits." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). He also indicates that he is withdrawing any vicarious liability claim arising from the intentional infliction of emotional distress and from the assault and battery claim. (Page 4, Footnote 2, Memorandum in Opposition) This leaves the Plaintiff's Count IV claim for vicarious liability untethered from any underlying substantive cause of action. As such, it fails to state a viable claim for relief, and the motion to dismiss must be granted.

### B. *Spoliation*

Intentional spoliation of evidence is a stand-alone tort under West Virginia law, defined as "the intentional destruction, mutilation, or significant alteration of potential evidence for the purpose of defeating another person's recovery in a civil action." Syl. pt. 10, *Hannah v. Heeter*, 584 S.E.2d 560, 564 (W. Va. 2003).

> The tort of intentional spoliation of evidence consists of the following elements: (1) a pending or potential civil action; (2) knowledge of the spoliator of the pending or potential civil action; (3) willful destruction of evidence; (4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; (5) the intent of the spoliator to defeat a party's ability to prevail in the pending or potential civil action; (6) the party's inability to prevail in the civil action; and (7) damages. Once the first six elements are established, there arises a rebuttable presumption that but for the fact of the spoliation of evidence, the party injured by the spoliation would have prevailed in the pending or potential litigation. The spoliator must overcome the rebuttable presumption or else be liable for damages.

*Id.* at Syl. pt. 11.

The Plaintiff alleges that the Defendants were aware of the potential for litigation, that they had sole possession of video of the incident, and that they either intentionally or recklessly spoliated the evidence "in an attempt to defeat and/or damage plaintiff's claims of excessive force/cruel and unusual punishment." (Compl. at ¶ 37.) The complaint does not contain factual allegations concerning who destroyed the video, when it was destroyed, how it was destroyed, or who was aware of or directed the destruction. That lack of detail makes it difficult to analyze whether the facts could demonstrate knowledge of potential or pending litigation at the time of the destruction or an intent to defeat such litigation. The Plaintiff also does not allege that the video was vital to his ability to prevail in this civil action or that the spoliation rendered him unable to prevail in the civil action. Because the Plaintiff has not pled all of the required elements of the tort of intentional spoliation, the Court finds that the Complaint does not state a viable claim. *See, e.g.*, *Mullins v. Ethicon, Inc.*, No. 2:12-CV-02952, 2016 WL 6836941, at *5 (S.D.W. Va. Nov. 18, 2016) (Goodwin, J.) (dismissing intentional spoliation claim based in part on failure to allege that the spoliated evidence was vital to the ability to prevail and an inability to prevail on any specific underlying claim). The WVDOCR's motion to dismiss Count V must therefore be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 5) be **GRANTED**, and that the West Virginia Division of Corrections and Rehabilitation be **DISMISSED** from this action.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:   December 30, 2020

        _____
        IRENE C. BERGER
        UNITED STATES DISTRICT JUDGE
        SOUTHERN DISTRICT OF WEST VIRGINIA